Case 1:16-cv-00138 Document 6 Filed in TXSD on 10/06/16 Page 1 of 10

United States District Court
Southern District of Texas
**ENTERED**
October 06, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| **PEDRO MAGIN-MOJICA,** | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 1:16-138 |
| | § | Criminal Nos. M:08-1126-1 |
| **UNITED STATES OF AMERICA,** | § | B: 11-962-1 |
| Respondent. | § | |

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

On June 17, 2016, Petitioner Pedro Magin-Mojica filed a Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255. Dkt. No. 1.

The Court has an independent obligation to review the record and the pleadings. Rule 4(b) of the RULES GOVERNING SECTION 2255 PROCEEDINGS. After conducting that review, the Court **RECOMMENDS** that the petition be denied, because it is legally meritless.

### I. Procedural and Factual Background

On November 7, 2011, a federal grand jury – sitting in Brownsville, Texas, – indicted Magin-Mojica for illegally re-entering the United States after having been previously deported[1], a violation of 8 U.S.C. §§1326(a) and 1326(b). U.S. v. Magin-Mojica, Criminal No. 1:11-962-1, Dkt. No. 5 (hereinafter "CR").

**A. Rearraignment**

On November 30, 2011, Magin-Mojica appeared before the Magistrate Judge and pled guilty – without a written plea agreement – to illegally re-entering the United States. CR Dkt. No. 10.

---

[1] While the indictment alleged that Magin-Mojica had been convicted of a felony, that prior felony conviction is a sentencing factor, not an element of the offense under 8 U.S.C. § 1326. U.S. v. Pineda-Arrellano, 492 F.3d 624, 625 (5th Cir. 2007). Accordingly, the inclusion of the allegation of a prior felony was "mere surplusage." U.S. v. Granados, 355 Fed. Appx. 823 (5th Cir. 2009)(unpubl.).

1

**B. Sentencing**

In the final presentence report ("PSR"), Magin-Mojica was assessed a base offense level of eight for unlawfully re-entering the United States. CR Dkt. No. 14, p. 4. Magin-Mojica was also assessed an additional 16-level enhancement because he had a prior felony conviction for a crime of violence – a 2005 Texas state conviction for burglary of a habitation. Id. Magin-Mojica received a three-level reduction for acceptance of responsibility. Id., p. 5. Thus, Magin-Mojica was assessed a total offense level of 21.

Regarding his criminal history, Magin-Mojica had four adult criminal convictions and was assessed eight criminal history points. CR Dkt. No. 14, p. 7. He was assessed an additional two points because he was on federal supervised release at the time that he committed the instant offense. Id. This resulted in 10 total criminal history points. with a corresponding criminal history category of V. Id. Based upon Magin-Mojica's offense level of 21 and criminal history category of V, the presentence report identified a guideline sentencing range of 70 to 87 months of imprisonment. Id., p. 10.

On March 5, 2012, the District Court sentenced Magin-Mojica to 78 months of imprisonment, three years of unsupervised release, and a $100 special assessment fee, which was remitted. CR Dkt. No. 19. The judgment was entered on March 15, 2012. Id.[2]

Neither the District Court docket nor the Fifth Circuit docket reflect the filing of a direct appeal. A notice of appeal must be filed within 14 days from the entry of judgment. FED. R. APP. P. 4(b)(1)(A), 26(a)(2). Therefore, Magin-Mojica's deadline for filing a notice of appeal passed on March 29, 2012.

---

[2] On that same day, Magin-Mojica's prior supervised release was revoked and he was sentenced to 12 months of incarceration, to be served consecutively to his 78 month sentence. U.S. v. Magin-Mojica, Criminal No. 7:08-1126-1, Dkt. No. 30. Magin-Mojica is challenging both of his sentences in this proceeding.

### C. Motion to Vacate, Set Aside or Correct Sentence Pursuant to § 2255

On June 17, 2016, Magin-Mojica timely[3] filed a motion pursuant to 28 U.S.C. § 2255, requesting that the District Court vacate, set aside, or correct his sentence. Dkt. No. 1. In his motion, Magin-Mojica asserts that his sentence was unlawfully enhanced under the Armed Career Criminal Act ("ACCA") because he was subject to the residual clause that was deemed unconstitutional in Johnson v. U.S., 135 S. Ct. 2551 (2015). Dkt. No. 2.

Pursuant to Rule 4(b) of the RULES GOVERNING SECTION 2255 PROCEEDINGS, because the petition is meritless on its face, the Court has not ordered the Government to respond to the petition.

## II. Applicable Law

### A. Section 2255

Magin-Mojica seeks relief pursuant to 28 U.S.C. § 2255. Dkt. No. 1. That section provides, as relevant here:

> (a) A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

After a petitioner's conviction becomes final, the Court is entitled to presume that he stands fairly convicted. U.S. v. Frady, 456 U.S. 152, 164 (1982); U.S. v. Willis, 273 F.3d 592, 595 (5th Cir. 2001).

A petitioner who seeks to challenge a final conviction by collateral attack, can do so

---

[3] Section 2255(f)(3) provides for a one-year statute of limitation period to run from "the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral appeal." See Dodd v. U.S., 545 U.S. 353, 359 (2005) (a one-year limitation period runs from the date on which the Supreme Court initially recognized the right asserted, not from the date on which the right asserted was made retroactively applicable to cases on collateral review). Johnson was decided on June 26, 2015. Magin-Mojica filed his appeal within one-year from the date which Johnson was decided. Therefore, the appeal is timely.

on constitutional or jurisdictional grounds. 28 U.S.C. § 2255(a); U.S. v. Shaid, 937 F.2d 228, 233 (5th Cir. 1991). Generally, a petitioner may not raise on collateral attack issues that he failed to raise on direct appeal, absent a showing that the error constituted a "fundamental defect which inherently results in a complete miscarriage of justice." U.S. v. Addonizio, 442 U.S. 178, 185 (1979); Hill v. U.S., 368 U.S. 424, 428 (1962).

Furthermore, "[c]hallenges to issues decided on direct appeal are foreclosed from consideration in a § 2255 motion." U.S. v. Fields, 761 F.3d 443, 463 n. 12 (5th Cir. 2014), as revised (Sept. 2, 2014), cert. denied, 135 S. Ct. 2803, 192 L. Ed. 2d 847 (2015) (citing U.S. v. Kalish, 780 F.2d 506, 508 (5th Cir. 1986)).

### III. Analysis

A court may entertain and decide a § 2255 motion without requiring the production of the prisoner at a hearing. 28 U.S.C. § 2255. Further, a district court may deny a § 2255 motion without an evidentiary hearing "only if the motion, files, and records of the case conclusively show the prisoner is entitled to no relief." U.S. v. Bartholomew, 974 F.2d 39,41 (5th Cir. 1992). The record in this case satisfies this requirement, for which reason the motion can be decided without a hearing.

In analyzing Magin-Mojica's claim, the Court is required to construe allegations by pro se litigants liberally, to ensure that their claims are given fair and meaningful consideration despite their unfamiliarity with the law. Haines v. Kerner, 404 U.S. 519, 520 (1972). Even applying this standard, neither the record – nor the law – support Magin-Mojica's claim.

#### A. Johnson is Inapplicable

Magin-Mojica asserts that he is entitled to habeas relief in light of the recent Supreme Court decision Johnson v. U.S., 135 S. Ct. 2551 (2015). In Johnson, the Supreme Court reviewed the lower court's application of 18 U.S.C. § 924(e), the Armed Career Criminal Act ("ACCA"). The ACCA requires a 15-year mandatory minimum term of imprisonment for anyone who violates § 922(g), having three or more prior convictions for a "serious drug offense" or a "violent felony." § 924(e)(1). The ACCA defines a "violent felony" as any

4

crime that "is burglary, arson, or extortion, involves the use of explosives, or <u>otherwise involves conduct that presents a serious potential risk of physical injury to another.</u>" § 924(e)(2)(B) (emphasis added).  The just-quoted and underlined portion of § 924 has been referred to as the Act's residual clause. <u>Johnson</u>, 135 S. Ct. at 2556.

Ultimately, the Supreme Court held that imposing an increased sentence under the ACCA's residual clause is a violation of due process. <u>Johnson</u>, 135 S. Ct. at 2557 (reasoning that the residual clause was unconstitutionally vague because it "denies fair notice to defendants and invites arbitrary enforcement by judges.").  The Supreme Court has confirmed the retroactivity of <u>Johnson</u> as applied to the ACCA. <u>See</u> <u>Welch v. U.S.</u>, 136 S. Ct. 1257 (2016) (holding that "<u>Johnson</u> announced a new substantive rule that has retroactive effect in cases on collateral review").

While this is the theory urged by Magin-Mojica, none of it applies to his case.  Magin-Mojica was not sentenced under the ACCA, which applies only to convictions for unlawfully possessing a firearm under 18 U.S.C. § 922(g). 18 U.S.C. § 924(e).  Instead, he was convicted of violating 8 U.S.C. §§1326(a) and 1326(b). CR Dkt. No. 6.  Furthermore, the court did not apply any enhancement in relation to the use or possession of a firearm. CR Dkt. No. 20.  Therefore, regardless of its retroactive application, the holding in <u>Johnson</u> does not directly provide Magin-Mojica with a vehicle for relief.

## B.  <u>Gonzalez-Longoria</u> Affords No Relief

Magin-Mojica makes the related argument that he is entitled to habeas relief because the Supreme Court's analysis of the residual clause in <u>Johnson</u> applies equally to the term "crime of violence" as contained in 18 U.S.C. § 16. Dkt. No. 1.  Section 16 defines a "crime of violence" as

> (a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

> (b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

A Fifth Circuit panel addressed this issue in <u>U.S. v. Gonzalez-Longoria,</u> 813 F.3d 225

(5th Cir. 2016). The panel concluded that the statutory definition of "crime of violence" found at 18 U.S.C. § 16 is also unconstitutionally vague, because it "requires courts both to imagine an ordinary/archetypical case and then to judge that imagined case against [an] imprecise standard." Gonzalez, 813 F.3d at 235. Any relief that Magin-Mojica may have found in that decision, was short-lived; the panel opinion was withdrawn and the case was considered by the Fifth Circuit en banc.[4]

The Fifth Circuit, sitting en banc, unequivocally held that "18 U.S.C. § 16(b) is not unconstitutionally vague." U.S. v. Gonzalez-Longoria, — F.3d —, 2016 WL 4169127, at *1 (5th Cir. Aug. 5, 2016) (en banc). Thus, Magin-Mojica finds no relief under Gonzalez-Longoria.[5] As discussed further below, despite Magin-Mojica's continued focus upon the "crime of violence" language as set forth in the ACCA and in 18 U.S.C. § 16(b), his sentence was not enhanced pursuant to either. Instead, Magin-Mojica's sentence was enhanced pursuant to the term "crime of violence," as defined in the sentencing guidelines.[6]

### C. Sentencing Guidelines Enhancement

An examination of Magin-Mojica's sentence clearly shows that there was no error. Pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii), a 16 level enhancement was added to Magin-

---

[4] 813 F.3d 225 (5th Cir. 2016)(discussing the application of U.S.S.G. § 2L1.2(b)(1)(c), 8 U.S.C. § 1101(a)(43), and 18 U.S.C. § 16, and finding 18 U.S.C. § 16 to be unconstitutionally vague), reh'g en banc ordered, 815 F.3d 189.

[5] The Court notes that the Supreme Court has granted a writ of certiorari to determine if § 16(b) is constitutional. Lynch v. Dimaya, No. 15-1498, 2016 WL 3232911, at *1 (U.S. Sept. 29, 2016); see also Dimaya v. Lynch, 803 F.3d 1110 (9th Cir. 2015) (holding § 16(b) to be unconstitutionally vague). The mere granting of certiorari does not relieve this Court of its responsibility to apply binding Fifth Circuit precedent. Unless and until the Supreme Court overrules Fifth Circuit precedent, this Court is bound by it. Castro-Jiminez v. Bulger, 104 F. App'x 440, 441 (5th Cir. 2004) (unpubl.) (citing Wicker v. McCotter, 798 F.2d 155, 157-58 (5th Cir. 1986)).

[6] The Court notes that the definition of "crime of violence," in the sentencing guidelines is substantively identical to the definition found at 18 U.S.C. § 16(a), which has never been constitutionally attacked. U.S. v. Dominguez-Hernandez, 98 F. App'x 331, 334 (5th Cir. 2004) (unpubl.).

Mojica's offense level, because he had a prior felony conviction for a crime of violence. CR Dkt. No. 14.

The Sentencing Guidelines provision set forth that a defendant – who is convicted of illegal re-entry – is subject to a 16-level sentencing enhancement, if he has a previous conviction for a crime of violence. U.S.S.G. § 2L1.2. The Sentencing Guidelines expressly identify "burglary of a dwelling" as a crime of violence. U.S.S.G. § 2L1.2, comment n.1(B)(iii).

The mere labeling of an offense as burglary of a dwelling, however, is insufficient to warrant the application of the 16 level enhancement imposed by § 2L1.2. U.S. v. Mohr, 554 F.3d 604, 610 (5th Cir. 2009) ("The elements of state offenses determine whether a prior offense was a crime of violence under federal law, not labels under state law."). Instead, the Court must first look to the elements of the crime of conviction, to determine if those elements "are the same as or narrower than those of the generic offense of burglary of a dwelling." U.S. v. Conde-Castaneda, 753 F.3d 172, 175 (5th Cir.), cert. denied, 135 S. Ct. 311, 190 L. Ed. 2d 225 (2014).

The relevant portions of the Texas burglary of a habitation statute provide:

> (a) A person commits an offense if, without the effective consent of the owner, the person:
>
> > (1) enters a habitation, or a building (or any portion of a building) not then open to the public, with intent to commit a felony, theft, or an assault; or
> >
> > (2) remains concealed, with intent to commit a felony, theft, or an assault, in a building or habitation; or
> >
> > (3) enters a building or habitation and commits or attempts to commit a felony, theft, or an assault.

Texas Penal Code § 30.02(a).

Thus, there are three different types of offense set forth in this statute. The Fifth Circuit has concluded that a conviction under section 30.02(a)(1) meets the generic elements of burglary of a dwelling. U.S. v. Garcia-Mendez, 420 F.3d 454, 456-57 (5th Cir. 2005). The

7

Fifth Circuit has also held that a conviction under section (a)(3) does not meet those elements, because it lacks an element of intent. U.S. v. Constante, 544 F.3d 584, 587 (5th Cir. 2008).[7]

The distinguishing factor, as set forth in the Fifth Circuit's analysis, is whether the defendant entered the habitation with the intent to commit a crime. If the person enters the building with the intent to commit one of the listed offenses, then the act constitutes a crime of violence. On the other hand, if the entry was committed, and then, only after the entry was effected, the intent to commit one of the listed offenses was formed, then the offense was not a crime of violence.

In order to determine if Magin-Mojica was convicted under section (a)(1) or section (a)(3), the Court may "look at so-called Shepard[8] documents, which include the charging document, written judicial confession, and judgment." Conde-Castaneda, 753 F.3d at 176 (footnote added).

In this case, Magin-Mojica's state court indictment charged that he "intentionally and knowingly enter[ed] a habitation, without the effective consent of . . . the owner thereof, with intent to commit assault" and "intent to commit arson." CR Dkt. No. 18, p. 5. Magin-Mojica pled guilty to this charge as a second-degree felony. Id, p. 1.

The Fifth Circuit recently decided a case with identical circumstances: an illegal re-entry defendant; who was convicted of the second-degree felony of burglary of a habitation; using the same language in the state court indictment. In that case, the Fifth Circuit held: (1) the defendant was convicted under section (a)(1); and (2) the crime of violence enhancement was applicable under U.S.S.G. 2L1.2(b)(1)(A)(ii). U.S. v. Hernandez-Borjas, No. 15-40190, 2016 WL 833395, at *5 (5th Cir. Mar. 3, 2016) (unpubl.). Accordingly, given the identical circumstances in the instant case, the Court concludes that the enhancement was properly

---

[7] It does not appear that the Fifth Circuit has ever decided whether a conviction under Section (a)(2) qualifies as a crime of violence. That section, however, is not applicable to this case.

[8] Shepard v. U.S., 544 U.S. 13 (2005).

8

applied.⁹

Thus, Magin-Mojica's reliance on Johnson and its progeny, as a premise for relief, is factually and legally misplaced. For those reasons, his claim is meritless and should be denied.

## IV. Recommendation

WHEREFORE it is **RECOMMENDED** that the Petitioner Pedro Magin-Mojica's Motion to Vacate, Set Aside or Correct his Sentence pursuant to 28 U.S.C. § 2255, Dkt. No. 1, be **DENIED** as meritless.

### A. Certificate of Appealability

Unless a circuit justice or judge issues a Certificate of Appealability ("COA"), a petitioner may not appeal the denial of a § 2255 motion to the Fifth Circuit. 28 U.S.C. § 2253(a),(c)(1). A petitioner may receive a COA only if he makes a "substantial showing of the denial of a constitutional right." § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). To satisfy this standard, a petitioner must demonstrate that jurists of reason could disagree with the court's resolution of his constitutional claims or that jurists could conclude that the issues presented are adequate to deserve encouragement to proceed further. Id. at 327; Moreno v. Dretke, 450 F.3d 158, 163 (5th Cir. 2006). A district court may sua sponte rule on a COA because the court that denies relief to a petitioner is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before the court. Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000).

After reviewing Magin-Mojica's § 2255 motion and the applicable Fifth Circuit

---

⁹ Additionally, the foregoing analysis also resolves Magin-Mojica's claim that his burglary of a habitation conviction was not a crime of violence. While Mathis v. U.S., --- U.S. ----, 136 S.Ct. 2243 (June 23, 2016), may alter the analysis of whether burglary of a habitation is a crime of violence, Mathis has not been held to be retroactive on collateral review, so Magin-Mojica cannot benefit from it in these proceedings. In re Lott, No. 16-10866, 2016 WL 5349745, at *1 (5th Cir. Sept. 26, 2016). Furthermore, the Fifth Circuit has held that burglary of a habitation remains a crime of violence post-Mathis. U.S. v. Uribe, No. 15-51223, slip. op. (5th Cir. October 3, 2016).

precedent, the Court is confident that no outstanding issue would be debatable among jurists of reason.  Although Magin-Mojica's § 2255 motion raises issues that the Court has carefully considered, he fails to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  Accordingly, it is **RECOMMENDED** that a COA should be denied.

### B. Notice to Parties

The parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable Andrew S. Hanen, United States District Judge. 28 U.S.C. § 636(b)(1) (eff. Dec. 1, 2009).  Failure to timely file objections shall bar the parties from a de novo determination by the District Judge of an issue covered in the report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the district court, except upon grounds of plain error or manifest injustice. See § 636(b)(1); Thomas v. Arn, 474 U.S. 140, 149 (1985); Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1428-29 (5th Cir. 1996), superseded by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

DONE at Brownsville, Texas, on October 6, 2016.

_____
Ronald G. Morgan
United States Magistrate Judge